Hon. TIMOTHY. P. REDFIELD, ⎫
Hon. H. HENRY POWERS, ⎬ Assistant Judges.
Hon. WHEELOCK G. VEAZEY, ⎭

---

### ASA S. BOYD v. TOWN OF READSBORO.

*Notice of Injury upon Highway. Sts.* 1874, *No.* 51.

In case by husband for loss of service of wife in consequence of an injury received upon a highway, it appeared that the notice, after describing particularly the injuries to the person of the wife, for which husband and wife had recovered in a former action, stated the husband's personal claim for damage in an independent paragraph as follows : "That I also sustained injuries and damages to my horse and sleigh . . . in that said horse was lamed and stiffened forward, and will probably remain so for a long time, and said sleigh was badly broken, damaged, and destroyed, and that I shall claim satisfaction . . . for the injuries so received, and the damages sustained in consequence of the injuries received as above set forth." *Held,* that the notice did not contain a description of the damages for which recovery was sought sufficiently specific to answer the requirements of the statute.

CASE for loss of service, society, &c., in consequence of injuries received by the plaintiff's wife upon a highway. The decla-

ration alleged, among other things, that by reason of said injury the plaintiff had been and thenceforth would be " deprived of the service and assistance of his wife." Trial by jury, September Term, 1879, Ross, J., presiding.

It appeared that the plaintiff and his wife had already recovered in a former action for the wife's personal injuries. The plaintiff proved seasonable delivery of notice to the defendant's selectmen, and offered the notice in evidence, to which the defendant objected for insufficiency in that it did not set forth that the plaintiff would claim damages for loss of service or society, or for expenses incurred in the wife's cure. The notice, after giving a particular description of the injuries to the wife's person, proceeded to set forth the plaintiff's personal claim for damages, as follows :

That I also sustained injuries and damages to my horse and sleigh by reason of the insufficiency and want of repair of said highway, in that said horse was lamed and stiffened forward, and will probably remain so for a long time, and said sleigh was badly broken, damaged, and destroyed ; and that I shall claim satisfaction of said town of Readsboro for the injuries so received, and the damages sustained in consequence of the injuries received, as above set forth.

The court for the purposes of the trial ruled that the notice was therein sufficient; to which the defendant excepted.

The plaintiff claimed that he was entitled to recover, among other things, for the loss of the society of his wife, but the defendant insisted that he could not recover therefor under the declaration, and requested the court so to rule and charge ; but the court refused so to do, but ruled and charged that the plaintiff could recover therefor under the allegation in regard to the loss of assistance. To the refusal to rule and charge as requested, and to the ruling and charge given, the defendant excepted.

*C. B. & C. F. Eddy*, and *H. N. Hix*, for the defendant.

The notice contained no sufficient statement of the damages to the plaintiff by reason of the injuries to the wife. Sts. 1874, No. 51 ; *Underhill* v. *Washington*, 46 Vt. 767 ; *Lindsey* v. *Danville*, 46 Vt. 144.

The court erred in the charge as to recovery for loss of society.

*Davenport & Eddy* and *O. E. Butterfield*, for the plaintiff.

The judgment in the former action established plaintiff's right to recover, leaving nothing for the jury but the question of damages. *Lindsey* v. *Danville*, 46 Vt. 144; *Clark* v. *Wilmington*, Windham County, February Term, 1875; *Boyd* v. *Readsboro*, Windham County, February Term, 1879. That should entitle him to recover, irrespective of notice. But the plaintiff gave the notice required by the statute. The statute does not require any specification of damages, but only a notice that shall state the time and place of the injury, the particular defects existing, and if bodily injuries be claimed, the part of the body injured, together with the extent and effect of the injury upon the health of the person. *Barton* v. *Montpelier*, 30 Vt. 650; *Kent* v. *Lincoln*, 32 Vt. 591; *Church* v. *Westminster*, 45 Vt. 380; *Ranney* v. *Sheffield*, 49 Vt. 191.

There was no error in the charge as to the right of recovery for loss of society.

The opinion of the court was delivered by

POWERS, J. In this class of actions the statute requires the plaintiff to give the defendant town a written notice, setting forth, among other things, " a description of the injury received or damage sustained." The notice put in evidence contains an explicit description of the injuries to the plaintiff's wife, for which damages were recovered in a former action, and sets forth the plaintiff's personal claim to damages as follows: " That I also sustained injuries and damages to my horse and sleigh, by reason of the insufficiency and want of repair of said highway, in that said horse was lamed and stiffened forward, and will probably remain so for a long time, and said sleigh was badly broken, damaged, and destroyed, and that I shall claim satisfaction of said town of Readsboro for the injuries so received and the damages sustained in consequence of the injuries received, as above set forth." Here a specific claim is made for damages done to the horse and sleigh, and the nature and extent of the injuries are set forth. The only language that points to a claim for damages consequent upon the wife's injuries, is the concluding clause of the paragraph,

" and the damages sustained in consequence of the injuries above set forth." Disregarding the grammatical construction, which would refer the damages last mentioned to the injuries enumerated in the same paragraph, it is patent that any claim for the loss of the wife's services and assistance, is, at best, only inferentially hinted at in the language used. Such uncertain specification of damages, does not meet the requirement of the statute, that the notice shall contain " a description of the damage sustained." The claim for " damages sustained in consequence of the injuries above set forth " may refer to various elements of damage consequent upon the injuries to the wife. The town is left to speculate as to the claim really intended to be set up.

The notice should be as explicit in its description and enumeration of the consequential damages to the husband, as it must be of the direct damages to the wife. As no definite claim is made in the notice to damages for loss of service and assistance of the wife, no recovery of such damages can be had.

*Judgment reversed.*